IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LIGHT TOWER RENTALS. INC.,

    Plaintiff,

vs.   No. 12-1063 LAM/GBW

ASTOCO OILFIELD SERVICES, LLC.,

    Defendant.

## MOTION OF PLAINTIFF LIGHT TOWER RENTALS TO STRIKE DEFENDANT'S ANSWER AND FOR ENTRY OF DEFAULT JUDGMENT

COMES NOW Plaintiff Light Tower Rentals, Inc. ("Plaintiff") and requests the Court to strike the Answer of Defendant Astoco Oilfield Services, LLC's ("Defendant") and enter default judgment in favor of Plaintiff. Defendant, a corporate entity, violated D.N.M.LR-Civ. 83.7 by filing its Answer through an individual not licensed to practice law. Defendant has also violated the Initial Scheduling Order and the Order Setting Pretrial Deadlines and Briefing Schedule by failing to "meet and confer" and by failing to retain an attorney as ordered by the Court. As a result of these violations, the Court should strike Defendant's Answer and enter default judgment in favor of Plaintiff pursuant to D.N.M.LR-Civ. 83.8(c) and Fed. R. Civ. Proc. 37(b)(2)(A)(iii).

### BACKGROUND

This suit arises out of a contract between Plaintiff as purchaser, and Defendant as seller, for the manufacture and purchase of fifty (50) frac tanks entered into during the summer of 2011. In connection with this purchase, Plaintiff deposited the total sum of $762,144 with Defendant for the express purpose of providing Defendant with funds to obtain the requisite raw materials to manufacture the tanks. To date, Defendant has delivered only five of the fifty tanks that were

contracted for. On September 12, 2011, Plaintiff paid $85,565.60 for the five tanks of which $76,214.40 was charged against the deposit leaving a deposit balance of $685,929.60. Plaintiff also bought four other frac tanks from Defendant in a transaction separate from the contract to purchase the fifty frac tanks. Plaintiff paid Defendant the sum of $127,024.00 on August 8, 2011 as payment for these four frac tanks. Certain add-ons were made at Plaintiff's request to the nine frac tanks delivered by Defendant for which Plaintiff was invoiced an additional $10,185.75. Deduction of the $10,185.75 for these add-ons leaves a deposit balance of $675,743.85. The tanks supplied by Defendant have suffered from defects and Defendant has failed to manufacture and timely deliver the remaining forty five frac tanks under the contract. Defendant's failure to deliver the frac tanks as agreed constitutes a breach of contract. Defendant's retention of the deposit constitutes an unjust enrichment to defendant and conversion of Plaintiff's deposit. Defendant's knowing and intentional acceptance of the Plaintiff's deposit and failure to deliver the quality and quantity of the frac tanks as agreed also constitute a violation of the New Mexico Unfair Practices Act (1978) §§ 57-12-1 through 57-12-26 ("UPA"). Plaintiff seeks recovery against Defendant for compensatory damages in the amount of $675,743.85; pre- and post-judgment interest; treble damages pursuant to the UPA; and an award of attorneys fees and costs pursuant to the UPA.

## ARGUMENT

**I.   Defendant is Attempting to Utilize a Non-Lawyer to Represent It in This Proceeding and Defendant's Answer Should be Struck from the Record and a Default Judgment Should Be Entered in Favor or Plaintiff.**

Defendant is a New Mexico limited liability company. Its "pro se" Answer was filed by Oscar Astorga, its president. Mr. Astorga, at the scheduling conference in this matter on February 5, 2013, confirmed that he is not licensed to practice law. The Local Rules for the

United States District Court of New Mexico require that business entities retain counsel for any matter in federal court. Local Rule 83.7 states, "A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7. The phrase "business entity" includes limited liability companies for purposes of this rule. *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *see also Roscoe v. United States*, 134 F. App'x 226, 228 (10th Cir. 2005) ("[A]ppellants contend that the LLC can proceed pro se in this appeal. But it cannot. . . . '[A] corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.'" (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. at 201-02)). The Defendant's failure to comply with D.N.M.LR-Civ. 83.7 is grounds for striking it Answer, and any other filings, made a non-attorney on its behalf. *See, E.g.*, D.N.M.LR-Civ. 83.8 (c) ("[a]ny filings made by the corporation, partnership or business entity other than a natural person may be stricken and default or other sanctions imposed.") Accordingly, Plaintiff respectfully requests that Defendant's Answer be struck from the record and that a default judgment be entered against Defendant and in favor of Plaintiff for the relief sought.

## II. Defendant's Repeated Disregard of the Court's Orders is Grounds for Default Judgment.

Failing to comply with orders of the Court may also result in pleadings being stricken from the record and the entering of a default judgment in favor of the opposing party. FED. R. CIV. PROC. 37(b)(2)(A)(iii). Rule 37(b)(2)(A) states that, "If a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), ... the court where the action is pending may issue further just orders." FED. R. CIV. PROC. 37(b)(2)(A). Those orders include

"striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." FED. R. CIV. PROC. 37(b)(2)(A)(iii) – (vi); *see also Equal Employment Opportunity Commission v. Roswell Radio, Inc.*, 2007 U.S. Dist. LEXIS 97716, *20 (D.N.M. Oct. 2007) ("The Federal Rules of Civil Procedure authorize default judgments against parties who fail to comply with court orders, or fail to attend depositions and serve answers to interrogatories."). As the following facts illustrate, Defendant has violated the Court's Local Rules, the Federal Rules of Civil Procedure and the orders of this Court.

On November 27, 2012, the Court issued its Initial Scheduling Order directing, among other things, that the parties "meet and confer" no later than January 23, 2013 to formulate a provisional discovery plan to submit to the Court on or before January 30, 2013. (Doc. No. 7) Despite attempts by plaintiff's counsel to contact Mr. Astorga by phone and by email, Defendant filed to "meet and confer" as ordered. As a result, Plaintiff was forced to file a unilateral Joint Status Report and Provisional Discovery Plan on January 30, 2013. (Doc. No. 9) At the scheduling conference conducted by the Court on February 12, 2013, Mr. Astorga conceded that he failed to comply with the Court's Initial Scheduling Order and blamed it on "poor telephonic reception" and being "busy." (Clerk's Minutes, Doc. No. 11) The Court warned that "further violations of its orders would result in sanctions for Defendant." *Id.*

The issue of Defendant's failure to retain counsel was also raised at the scheduling conference. Mr. Astorga represented to the Court that the Defendant was "on the cusp of retaining counsel." *Id.* The Court issued its Order Setting Pretrial Deadlines and Briefing Schedule on February 5, 2013. (Doc. No. 12) This Order again required Defendant to retain counsel by February 12, 2013. *Id.* As of 4:00 p.m. on Thursday, February 14, 2013, a check of the Court's on-line docket indicated that no counsel has entered an appearance or otherwise filed

4

any pleadings on behalf of Defendant. *See Civil Docket*, 2:12-cv-01063-LH-GBW (attached hereto as Exhibit A). Defendant has, therefore, violated not only the Local Rules, but also repeatedly violated the express orders of this Court. As a result, this Court should strike Defendant's Answer and enter default judgment in favor of Plaintiff pursuant to D.N.M.LR-Civ. 83.8(c) and Fed. R. Civ. Proc. 37(b)(2)(A)(iii).

## CONCLUSION

WHEREFORE, Plaintiff moves this Court for an Order striking Defendant's Answer and entering default judgment in favor of Plaintiff.

Respectfully submitted,

MILLER STRATVERT P.A.

*ELECTRONICALLY FILED 02/14/2013*

By: */s/ Richard L. Alvidrez*
    Timothy R. Briggs
    Richard L. Alvidrez
    P.O. Box 25687
    Albuquerque, NM 87125-0687
    (505) 842-1950
    (505) 243-4408 – fax
    TBRIGGS@MSTLAW.COM
    RALVIDREZ@MSTLAW.COM

*Attorneys for Plaintiff Light Tower Rentals, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of February, 2013, I filed the foregoing electronically through the U.S. District Court's CM/ECF system and served a copy, by U.S. Postal Service, postage paid, to Oscar Astorga, president, Astoco Oilfield Services, LLC 2120 East Starlight Road, Hobbs, NM 88240

MILLER STRATVERT P.A.

By: */s/ Richard L. Alvidrez*
    Richard L. Alvidrez

\\abq-tamarack\prodata\013862-045388\2148975.docx

# U.S. District Court
### District of New Mexico - Version 4.2 (Las Cruces)
### CIVIL DOCKET FOR CASE #: 2:12-cv-01063-LH-GBW

Light Tower Rentals, Inc. v. Astoco Oilfield Services, LLC
Assigned to: District Judge C. LeRoy Hansen
Referred to: Magistrate Judge Gregory B. Wormuth
Demand: $676,000
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 10/15/2012
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Light Tower Rentals, Inc.**         represented by   **Richard L Alvidrez**
P. O. Box 25687
Albuquerque, NM 87125-0687
(505) 842-1950
Fax: (505) 243-4408
Email: ralvidrez@mstlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy R. Briggs**
Miller Stratvert PA
PO Box 25687
Albuquerque, NM 87125-0687
(505) 842-1950
Fax: 243-4408
Email: tbriggs@mstlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Astoco Oilfield Services, LLC**         represented by   **Astoco Oilfield Services, LLC**
Oscar Astorga
President Astoco Oilfield
2120 East Satrlight Road
Hobbs, NM 88240
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 02/05/2013 | 12 | ORDER SETTING PRETRIAL DEADLINES AND BRIEFING SCHEDULE by Magistrate Judge Gregory B. Wormuth. (rlk) (Entered: 02/05/2013) |
| 02/05/2013 | 11 | Clerk's Minutes for proceedings held before Magistrate Judge Gregory B. Wormuth: Rule 16 Conference held on 2/5/2013. (rlk) (Entered: 02/05/2013) |
| 01/31/2013 | 10 | CERTIFICATE OF SERVICE by Light Tower Rentals, Inc. *regarding Joint* |

**EXHIBIT A**

https://ecf.nmd.uscourts.gov/cgi-bin/DktRpt...._452_0-1                                2/14/2013

| | | |
|---|---|---|
| | | *Status Report and Provisional Discovery Plan to Astoco Oilfield Services* (Alvidrez, Richard) (Entered: 01/31/2013) |
| 01/30/2013 | 9 | Joint Status Report *and Provisional Discovery Plan* by Light Tower Rentals, Inc. (Alvidrez, Richard) (Entered: 01/30/2013) |
| 12/19/2012 | 8 | PLEASE TAKE NOTICE that this case has been reassigned to District Judge C. LeRoy Hansen as the trial judge.<br><br>Under D.N.M.LR-Civ. 10.1, the first page of each document must have the case file number and initials of the assigned judges.<br><br>***Accordingly, further documents filed in this matter must bear the case number and the judges' initials shown in the case caption and the NEF for this document.*** **Kindly reflect this change in your filings.**<br><br>Magistrate Judge Lourdes A. Martinez no longer assigned to this case.<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (bap) (Entered: 12/19/2012) |
| 11/27/2012 | 7 | INITIAL SCHEDULING ORDER: by Magistrate Judge Gregory B. Wormuth Rule 16(c) Hearing set for 2/5/2013 at 09:30 AM in Las Cruces - Telephonic Hearing/Conference before Magistrate Judge Gregory B. Wormuth. Parties shall call Judge Wormuth's "Meet Me" line at (505) 348-2351 to be connected to the proceedings. Joint Status Report due by 1/30/2013. Unless otherwise notified by the Clerk or the Court a notice of consent or non-consent for this case to proceed before the trial Magistrate Judge should be submitted by each party no later than 12/18/2012. (rlk) (Entered: 11/27/2012) |
| 11/19/2012 | 6 | ANSWER to 1 Complaint by Astoco Oilfield Services, LLC. Related document: 1 Complaint filed by Light Tower Rentals, Inc..(sju) (Entered: 11/20/2012) |
| 10/29/2012 | 5 | SUMMONS Returned Executed by Light Tower Rentals, Inc.. Astoco Oilfield Services,LLC served on 10/25/12. Answer due 11/15/12 (Alvidrez, Richard) Modified to correct party served and to add served/answer due dates on 10/30/2012 (bc). (Entered: 10/29/2012) |
| 10/16/2012 | | Summons Issued as to Astoco Oilfield Services, LLC. (bap) (Entered: 10/16/2012) |
| 10/16/2012 | 4 | Filing fee: $ 350.00, receipt number ALB020843 (dmw)<br>[THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (Entered: 10/16/2012) |
| 10/15/2012 | 3 | PLEASE TAKE NOTICE that this case has been randomly assigned to United States Magistrate Judge Lourdes A. Martinez to conduct dispositive proceedings in this matter, including motions and trial. Appeal from a judgment entered by a Magistrate Judge will be to the United States Court of Appeals for the Tenth Circuit. **It is the responsibility of the case filer to serve a copy of this Notice upon all parties with the summons and complaint.** *Consent is strictly voluntary, and a party is free to withhold consent without adverse consequences. Should a party choose to consent, notice should be* |

|  |  |  |
|---|---|---|
|  |  | made no later than 21 days after entry of the Order setting the Rule 16 Initial Scheduling Conference. For e-filers, visit our Web site at www.nmcourt.fed.us for more information and instructions. [THIS IS A TEXT-ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (bap) (Entered: 10/15/2012) |
| 10/15/2012 |  | Magistrate Judge Lourdes A. Martinez and Magistrate Judge Gregory B. Wormuth assigned. (bap) (Entered: 10/15/2012) |
| 10/15/2012 |  | Office code correction. Case office code has been changed from 1 (Albuquerque) to 2 (Las Cruces). (bap) (Entered: 10/15/2012) |
| 10/15/2012 | 2 | APPENDIX/SUPPLEMENT re 1 Complaint -*Civil Coversheet*- by Light Tower Rentals, Inc. (Alvidrez, Richard) (Entered: 10/15/2012) |
| 10/15/2012 | 1 | COMPLAINT against Astoco Oilfield Services, LLC ( Filing Fee - Deliver Payment), filed by Light Tower Rentals, Inc..(Alvidrez, Richard) Modified text on 10/15/2012 (bap). (Entered: 10/15/2012) |

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 02/14/2013 15:56:44 ||||
| PACER Login: | ms0066 | Client Code: | tmh-13862/45388 |
| Description: | Docket Report | Search Criteria: | 2:12-cv-01063-LH-GBW |
| Billable Pages: | 2 | Cost: | 0.20 |