FOR THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEW MEXICO

LIGHT TOWER RENTALS, INC.,

    Plaintiff,

v.                                                CIV. No. 12-1063  LH/GBW

ASTOCO OILFIELD SERVICES, LLC,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Answer and For Entry of Default Judgment. *Doc. 13*. Having reviewed the briefing and the relevant law, I find the motion well founded, and I recommend that the Court strike Defendant's answer and direct the Clerk of Court to enter a default against Plaintiff.

**I.**      **BACKGROUND**

Plaintiff filed its Complaint in this action on October 15, 2012. *Doc. 1.* On November 19, 2012, Defendant, through its President Oscar Astorga, filed its Answer. *Doc. 6* at 2. This filing was in violation of Local Rule 83.7, which requires that all business entities be represented by an attorney. D.N.M.L.R.-Civ. 83.7. On November 27, 2012, I issued an order setting the Rule 16 conference in this case and ordering the parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) no later

1

than January 23, 2013. *Doc. 7* at 1. Defendant failed to participate in the Rule 26(f) conference. *Doc. 9* at 1. On February 5, 2013, I held the Rule 16 conference. *Doc. 11.* At the conference, Defendant's President, Oscar Astorga, appeared. I confirmed with Defendant that no one representing Defendant had participated in the Rule 26(f) conference and warned him that further violations of court orders would result in sanctions. *Id.* at 1. Mr. Astorga conceded he is not an attorney, let alone one authorized to practice in this Court. I informed him of Local Rule 83.7 and directed that Defendant retain counsel and enter an appearance by February 12, 2013. *Doc. 11* at 2. My order setting pre-trial deadlines reiterated this requirement. *Doc. 12* at 1. No appearance by counsel on behalf of Defendant had been entered by that date. On February 14, 2013, Plaintiff filed the instant motion. *Doc. 13*. Defendant failed to respond to that motion. Defendant has not, in fact, taken any action in this case following the February 5, 2013 Rule 16 conference. As of today, no attorney has entered an appearance on behalf of Defendant.

II.   ANALYSIS

The Local Rule at issue here, 83.7, arises from the Tenth Circuit's longstanding requirement that corporations appearing before courts in this Circuit be represented by attorneys. *Flora Const. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962). A non-attorney officer of a corporation may not be substituted as a representative when filing any motion or pleading. *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir.

2

2001).  This rule applies to limited liability corporations.  *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1221, 1222-23 (D.N.M. 2011).  Failure to comply with Local Rule 83.7 is grounds to both to strike the offending pleading and to grant default judgment.  D.N.M.L.R.Civ.-83.8(c); *Two Old Hippies*, 784 F. Supp. 2d at 1224 (providing that the Local Rules of a district court have "the force and effect of law") (citation omitted).  Further, the Court's inherent power "to manage [its] . . . affairs . . . to achieve the . . .expeditious disposition of cases" includes "the ability to fashion an appropriate sanction." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) (quotation omitted).  "Default judgment is a proper sanction when a party corporation fails to be represented by an attorney in federal court." *Two Old Hippies*, 784 F. Supp. 2d at 1230.  Finally, Defendant's failure to respond to the Plaintiff's Motion constitutes an independent basis for granting it.  *See* D.N.M.L.R.-Civ. 7.1(b).

Plaintiff asks the Court to strike Defendant's Answer and to enter default judgment against Defendant.  For the reasons described above, I will recommend striking the Answer.  However, with respect to default generally, it is important to remember that, under Fed. R. Civ. P. 55, default is a two-step process.  First, the clerk enters default and then the Court proceeds to enter default judgment as appropriate.  *See* Fed. R. Civ. P. 55.  Consequently, entry of default is generally a prerequisite to the entry of default judgment.  *See Garrett v. Seymour*, 2007 WL 549388, at *2 (10th Cir. 2007).  Therefore, while the law supports moving directly to a default judgment when a

business entity fails to be represented in federal court, I recommend first directing the Clerk to enter default under Rule 55(a).  Thereafter, Plaintiff may apply for default judgment under Rule 55(b).

I recognize that striking an answer and entering default are harsh sanctions. Nonetheless, they are appropriate in this case.  Since the inception of this case, Defendant has failed to meet its responsibilities.  Defendant's Answer was filed in violation of the clear requirement that it do so through an attorney authorized to practice in this Court.  After having been ordered to participate in the Rule 26(f) conference, Defendant failed to do so either "*pro se*" or through an attorney.  The only excuse provided by Defendant's President for this failure was having poor telephonic reception and being busy.  At the Rule 16 conference, the Court expressly advised Defendant's President of the requirement that his company appear and file matters only through an attorney.  The Court ordered Defendant to retain an attorney for this matter and have him/her enter an appearance no later than February 12, 2013.  Defendant failed to do so and has not requested any extension to obtain an attorney.  Finally, in response to Plaintiff's motion seeking that the Answer be stricken and default judgment entered, Defendant failed to respond in any way.

**III.   CONCLUSION**

For the forgoing reasons, I recommend that the Court GRANT IN PART Plaintiff's Motion (*Doc. 13*) by striking Defendant's Answer and ordering the Clerk to enter default against Defendant.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**