FOR THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEW MEXICO

LIGHT TOWER RENTALS, INC.,

    Plaintiff,

    v.                                            CIV. No. 12-1063 LH/GBW

ASTOCO OILFIELD SERVICES, LLC,

    Defendant.

## ORDER GRANTING MOTION TO COMPEL

This matter is before the Court on Plaintiff's Motion to Compel Discovery. *Doc. 28*. Having reviewed the briefing and the relevant law, the Court will GRANT it.

The Court entered default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b) on July 1, 2013. *Doc. 29.* On January 28, 2014, Plaintiff moved to compel Defendant to respond to interrogatories that would aid Plaintiff in the execution of its judgment against Defendant under Federal Rule of Civil Procedure 37. Defendant has not filed responsive briefing.

A Rule 55(b) order for default judgment is a final order. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 855 n.3 (8th Cir. 1996). Although Plaintiff does not specifically cite to it, the Court will treat the propounded discovery as discovery in aid of execution pursuant to Federal Rule of Civil Procedure 69.

1

Under Federal Rule of Civil Procedure 69, "the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2). Plaintiff appears to have properly propounded interrogatories to Defendant under the Federal Rules of Civil Procedure. *Doc. 31.* Defendant does not appear to have responded to these interrogatories or to Plaintiff's Motion.

Rule 37(a) provides for motions to compel responses to properly propounded discovery. *See* FED. R. CIV. P. 37(a)(3)(B)(iii) (allowing a motion to compel where a party fails to respond to a properly propounded interrogatory.) Because Defendant has not responded to Plaintiff's interrogatories nor filed responsive briefing indicating why it has failed to do so, the Court will grant Plaintiff's motion.[1]

Upon resolution of motions to compel or for protective orders, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* FED. R. CIV. P. 26(c)(3); FED. R. CIV. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially

---

[1] The Court notes that Defendant's failure to respond to Plaintiff's Motion itself constitutes an independent basis on which to grant Plaintiff's motion pursuant to D.N.M.LR-Civ. 7.1.

justified" or (iii) the "circumstances make an award of expenses unjust."[2]  *Id*.  The Court finds none of these exceptions applicable.  Defendant is ordered to pay reasonable expenses and attorney's fees for Plaintiff's briefing of the Motion to Compel.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (*doc. 33*) is GRANTED.

**IT IS FURTHER ORDERED** that, within seven days of the entry of this Order, Plaintiff shall file an affidavit outlining her expenses as described above.  Defendants' objections to the amount claimed by Plaintiff, if any, shall be filed within seven days of the filing of the affidavit.

UNITED STATES MAGISTRATE JUDGE

---

[2] Of course, the party must be given an opportunity to be heard as well.  This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter.  *See e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).