IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LIGHT TOWER RENTALS, INC.,

    Plaintiff,

v.                                                                  CIV No. 12-1063 LH/GBW

ASTOCO OILFIELD SERVICES, LLC,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion for Contempt. *Doc. 44*. The motion has been referred to me to make factual findings and recommend an ultimate disposition. *Doc. 47*. Being fully advised, I recommend that the Court DENY Plaintiff's Motion.

Defendant has been absent from this litigation for more than two years. *See docs. 11, 33*. Since then, Plaintiff has obtained a default judgment against Defendant, *doc. 25*, and sought to enforce that judgment by seeking discovery in aid of execution, *doc. 33*, and a show cause order requiring both a response from Defendant and attendance at an in-person hearing by its President, Oscar Astorga, *docs. 38, 40*. Defendant did not respond to any of the above and Mr. Astorga did not attend the hearing despite a subpoena commanding him to appear. *Doc. 43*. Plaintiff now seeks a contempt order against Mr. Astorga for Defendant's repeated failure to respond and asks to be

compensated "for the actual losses it has sustained in connection with attempting to obtain information that might aid Plaintiff in executing its judgment," amounting to $8,034.95. *Doc. 44* at 3.

### A. Oscar Astorga is in Contempt of Court

To prevail on its Motion for Contempt, Plaintiff must first demonstrate by clear and convincing evidence "that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Plaintiff argues that Mr. Astorga should be held in contempt for failing to comply with (1) an order compelling discovery, (2) an order to show cause, and (3) a subpoena to appear in court.[1]

I recommend finding that Mr. Astorga is in contempt for failing to comply with the Order granting Plaintiff's Motion to Compel. *Doc. 36*. Under Federal Rule of Civil Procedure 37, the Court may "treat[] as contempt of court" a failure to obey a discovery order by a "party or a party's officer, director, or managing agent." FED. R. CIV. P. 37(b)(2)(A)(vii). As President, Mr. Astorga falls within that section and has clearly violated a valid Court order compelling discovery sought pursuant to Rule 69. *Doc. 33* (Motion to Compel Discovery in aid of execution of judgment).

---

[1] These orders were all served on Defendant at the address provided to the Court by Mr. Astorga when this lawsuit was initiated. *Doc. 44* at 3. Because such would support a finding that Mr. Astorga knew of each of these orders, the second element of contempt appears to have been met. *But see United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008) (moving party must prove by clear and convincing evidence that defendant had knowledge of the order that was disobeyed).

Additionally, the Court ordered Defendant to show cause as to why it should not be held in contempt of Court for falling to comply with the Court's order compelling discovery. *Doc. 40, 41.* Neither Defendant nor Mr. Astorga filed a response attempting to explain why they had failed to comply with the discovery order. In the show cause order, the Court also set an in-person hearing where Plaintiff was to examine Mr. Astorga about Defendant's ability to satisfy the judgment entered against it. *Id.* Despite being subpoenaed, Mr. Astorga did not appear. Under Federal Rule of Civil Procedure 45, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena . . . ." FED. R. CIV. P. 45(g). Moreover, "A district court has broad discretion in using its contempt power to require adherence to court orders." *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.*, 84 F.3d 367, 370 (10th Cir. 1996). Thus, I also recommend finding that Mr. Astorga is in contempt for failing to respond to the show cause order and for failing to comply with the subpoena.

**B. Plaintiff Failed to Demonstrate that it is Entitled to the Requested Compensatory Fees**

Once contempt is established, the Court must determine the appropriate sanction. "Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th

Cir. 1992) (internal quotations and alterations omitted).  Here, other than a request for "any other relief the Court deems necessary and proper," Plaintiff does not propose a sanction for coercive purposes.  *Docs. 44*, *45*.  Moreover, given that Defendant did not see fit to respond to a $675,743.85 lawsuit against him, *see doc. 25*, and has not responded to any of the developments in this lawsuit since February 2013, *doc. 33*, further coercive consequences would almost assuredly fall on deaf ears.  As such, I am disinclined to waste further judicial resources seeking compliance.  Thus, the only remaining remedial purpose to be served is to compensate Plaintiff.

   "If a fine is imposed for compensatory purposes, the amount of the fine must be based upon the complainant's actual losses sustained as a result of the contumacy." *O'Connor*, 972 F.2d at 1211 (internal quotations omitted).  Absent "evidence showing the amount of the loss, any sum awarded by the court is speculative and therefore arbitrary." *Id.* (internal quotations omitted).  Plaintiff must prove its "damages by a preponderance of the evidence." *Reliance Ins. Co.*, 159 F.3d at 1318.

   Here, Plaintiff seeks "all costs and fees relevant to Plaintiff's attempts to collect information from Defendant in aid of its judgment." *Doc. 45* at 7.  Plaintiff avers that its actual total loses amount to $8,034.95.  *Id.*  To support this assertion, Plaintiff attaches an exhibit listing as within the "scope" of its fees (1) "Plaintiff's Motion to Compel"; (2) "Plaintiff's Motionn [sic] for Order to Show Cause"; (3) Fees/cost for Attorney's Autrey and Rogers to attend hearing"; and (4) "Fees/costs for current motion." *Doc. 44*, Ex. A at

1. Plaintiff's exhibit then provides a list of invoice dates with corresponding fees. *Id.* The final listed item reads "Work in Progress" and has a corresponding amount of $2,148.00. *Id.*

I recommend finding that Plaintiff has failed to meet its burden of proving its damages. To begin, Plaintiff's exhibit does not itemize with specificity what work was done, to what end, by whom, at what rate, for how long, or at what total cost. Rather, Plaintiff merely lists invoice dates with varying corresponding fee amounts that the Court is to presume falls into one of the items listed within the "scope" of fees related to Plaintiff's contumacy. This is insufficient to establish the actual costs related to Mr. Astorga's failure to comply with the Court's orders.

Furthermore, Plaintiff's total amount includes fees associated with its Motion to Compel that the Court has already awarded to Plaintiff. *Doc. 36*. Plaintiff, however, appears to have waived any right to those fees by failing to file an affidavit itemizing the fees associated with its Motion to Compel as required by the order. *Id.* at 3. The inclusion of these fees raises questions as to Plaintiff's total actual compensatory losses related to Mr. Astorga's noncompliance at this juncture. More importantly, the dearth of information in Plaintiff's affidavit makes it impossible to separate the already awarded costs with those to which Plaintiff might now have been entitled.

Of further cause for concern is the high dollar amount requested by Plaintiff. Plaintiff is seeking $8,034.95 in attorney fees, yet attorney fees from the initiation of this

suit through default judgment amounted only to $8,561.00 plus taxes.  *Doc. 28*.  This amount seems inordinately high given that Plaintiff's adversary was absent, eliminating any need for Plaintiff to file reply briefing.  Moreover, the Court is skeptical as to the necessity of some of Plaintiff's post-judgment actions, such as sending two attorneys to examine the President of a company that had not to responded to a lawsuit worth more than half a million dollars and with whom Plaintiff had not been in contact for nearly two years.

For the foregoing reasons, the undersigned recommends finding that Plaintiff has not carried its burden in demonstrating that, more likely than not, it incurred $8,034.95 in actual losses directly related to Mr. Astorga's contumacy.  Awarding an amount other than that requested by Plaintiff would be speculative and therefore inappropriate, especially in light of Plaintiff's imprecise exhibit.  Accordingly, I recommend that the Court DENY Plaintiff's Motion for Contempt.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**