IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LIGHT TOWER RENTALS, INC.,

    Plaintiff,

v.    CIV No. 12-1063 LH/GBW

ASTOCO OILFIELD SERVICES, LLC,

    Defendant.

## ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Report and Recommendations (PFRD), *doc. 48*, regarding Plaintiff's Motion for Contempt, *doc. 44*. Plaintiff filed objections to the PFRD. *Doc. 49*. Upon review of the record before the Magistrate Judge, I concur with the Magistrate Judge's findings and recommendations regarding Plaintiff's failure to adequately demonstrate its damages. However, upon review of the record as augmented by Plaintiff's Objections, I find that Plaintiff has met its burden of demonstrating damages by a preponderance of the evidence. Accordingly, I will adopt in part and reject in part the Magistrate Judge's PFRD and award Plaintiff $8,453.54 in compensatory damages for its post-relief efforts to satisfy the judgment entered in its favor.

**I.    BACKGROUND**

Plaintiff obtained a default judgment against Defendant Astoco Oilfield Services,

LLC, (Astoco) on July 1, 2013.  *Doc. 26*.  Since then, Plaintiff has attempted to enforce that judgment through various mechanisms, including filing a Motion to Compel Discovery in aid of the execution of judgment, *doc. 33*, a Motion for Order to Show Cause and for Oscar Astorga to Appear before the Court for an Examination Regarding Defendant's Ability to Satisfy the Judgment, *doc. 38*, and a Motion for Contempt, *doc. 44*.  Each measure involved Astoco's President, Oscar Astorga.  Each was unfruitful.  The Magistrate Judge entered his PFRD regarding Plaintiff's Motion for Contempt on June 9, 2015, in which he recommended denying the Motion.  *Doc. 48.*  The Magistrate Judge recommended finding that Mr. Astorga be held in contempt for his continued failure to respond to this litigation, but that Plaintiff's paltry, one-page exhibit failed to adequately demonstrate its damages.  Neither Defendant nor Mr. Astorga filed objections.  Plaintiff timely filed objections on June 23, 2015.  *Doc. 49*.  As part of its objections, Plaintiff attached what should have been included in its initial motion: exhibits evidencing its damages.  *Id.*, Exs. A & B.

II.     LEGAL STANDARD

The instant motion was referred to Magistrate Judge Wormuth pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (b)(3).  *See doc. 47*.  When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or

2

return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

### III. ANALYSIS

While Plaintiff objects[1] to the proposed finding that it failed to meet its burden of proving its damages, Plaintiff "acknowledges the concerns expressed in the [PFRD] arising from the general nature of the supporting exhibit (*doc. 44-1*)," and submits further exhibits evidencing its damages. *Id.* at 3. The Court agrees that the motion and evidence before the Magistrate Judge was wholly insufficient to establish damages by a preponderance of the evidence. Plaintiff's failure to present sufficient evidence in support of its motion may be considered waiver. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Certainly, it has frustrated the purpose of referring the matter in the first place. *See doc. 47*. Counsel is admonished that, although Defendant and Mr. Astorga have not responded to this litigation for some time, an absent litigant is not a license for listlessness.

Nonetheless, the Court has the authority and discretion to consider additional evidence, and it will exercise it here. The exhibits attached to Plaintiff's Objections, *doc. 49*, Exs A-B, contain all of the information that the Magistrate Judge found lacking from the initial motion: an itemization of "what was done, to what end, by whom, at what rate, for how long, [and] at what total cost," *doc. 48* at 5. Moreover, based on Plaintiff's counsel's explanation for some of its post-judgment measures, *doc. 49* at 4-5, the Court is

---

[1] Unsurprisingly, Plaintiff does not object to the Magistrate Judge's recommendation that Mr. Astorga be held in contempt of court. *Doc. 49* at 2.

3

satisfied that the costs associated therewith were reasonable. As such, Plaintiff has, in its most recent filing, met its burden in demonstrating its damages by a preponderance of the evidence. The Court will therefore award Plaintiff $8,453.54 to compensate it "for injuries resulting from the contemnor's noncompliance." *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (internal quotations and alterations omitted).

**IV.   CONCLUSION**

Wherefore, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendations, *doc. 48*, is ADOPTED IN PART. Plaintiff's Motion for Contempt, *doc. 44*, is hereby GRANTED, and I find Mr. Astorga to be in contempt of Court for the reasons set forth in the Magistrate Judge's PFRD.

IT IS FURTHER ORDERED that Mr. Astorga shall pay Plaintiff $8,453.54 to compensate it for costs incurred as a result of Mr. Astorga's failure to comply with several Court orders.

_____
SENIOR UNITED STATES DISTRICT JUDGE